**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 22 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ARLAND DEON GAINES, a/k/a
Arland Deon Williamson,

      Defendant-Appellant.

No. 96-5263
(D.C. No. 95-CR-45-1-B)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Submitted on the briefs.[**]

Stephen C. Lewis, United States Attorney and Lucy O. Creekmore, Assistant United States Attorney, Tulsa, Oklahoma, for Plaintiff-Appellee.

C. Rabon Martin of Martin & Associates, Tulsa, Oklahoma, for Defendant-Appellant.

---

Before **PORFILIO, BRORBY** and **KELLY**, Circuit Judges.

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    [**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

In August 1996, a jury convicted the Appellant, Mr. Gaines, on one count of Possession of a Controlled Dangerous Substance (cocaine base) with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1), and two counts of Possession of a Firearm After Former Conviction of a Felony in violation of 18 U.S.C. § 922(g). Mr. Gaines now appeals his conviction, claiming the trial court erred when it denied his motion to suppress evidence. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

On November 9, 1995, Tulsa, Oklahoma police officers secured a warrant to search the residence at 3323 East Ute Street for "[f]irearms, ammunition, and records indicating the sale or purchase of firearms, [and] papers showing residency." Tulsa County District Court Judge, the Honorable Peter Messler, issued the search warrant on the basis of Officer Spitler's affidavit recounting information provided by a past proven reliable confidential informant, as well as information garnered during Officer Yelton's and Officer Spitler's two- to three-month surveillance of the East Ute Street residence prior to their application for the search warrant.

With the search warrant in hand, together with an outstanding felony warrant for Mr. Gaines' arrest for Possession of a Firearm After Former

Conviction of a Felony, Tulsa Police Department officers returned to the East Ute Street residence. While surveilling the residence, the officers observed Mr. Gaines exit along with three other individuals. The officers then approached the residence and arrested Mr. Gaines without incident. After serving Mr. Gaines with a copy of the search warrant, the officers proceeded to the front door where they knocked and announced their presence and their purpose. Upon receiving no response, they entered and secured the residence and began their search. The officers discovered a loaded Glock .9 mm. semi-automatic pistol underneath the mattress of the bed in the southeast bedroom. Further search of the southeast bedroom produced a purple "Crown Royal" bag which contained several "suspected rocks of crack cocaine." The officers discontinued their search at that point so they could apply for and obtain a narcotics search warrant. Upon receiving the second warrant, the officers continued their search and recovered several items from the residence pursuant to both search warrants.

After his arraignment and prior to trial, Mr. Gaines filed a Motion to Suppress Evidence, which generally alleged the described search violated his Fourth Amendment Rights. In his Post-Hearing Memorandum, Mr. Gaines more specifically argued the first warrant was issued without probable cause; the first warrant was overbroad and became a general warrant since it authorized a search

for ammunition; the police exceeded the scope of the first warrant by looking inside the "Crown Royal" bag; the seizure of the crack cocaine cannot be justified as a plain view seizure; and, finally, the police illegally served the second warrant after dark. The district court rejected each of these arguments, denied Mr. Gaines' motion and allowed the prosecution to present evidence obtained during the search to the jury.

On appeal, Mr. Gaines essentially repeats the arguments he presented to the district court. He claims the district court erred in denying his Motion to Suppress evidence obtained during the search of the East Ute Street residence because: (1) the first warrant was issued without probable cause, (2) the first warrant was a general warrant, (3) the seizure of the "Crown Royal" bag was unauthorized by the warrant and did not satisfy the plain view exception, and (4) the Tulsa police illegally served and unlawfully executed the second search warrant after dark. We consider each of Mr. Gaines' arguments in turn, viewing the evidence in a light most favorable to the district court's ruling. *United States v. Mendez*, 118 F.3d 1426, 1429 (10th Cir. 1997). We must uphold the district court's findings of fact unless they are clearly erroneous. *Id.* However, determinations as to the reasonableness of the search under the Fourth Amendment or other conclusions of law are subject to de novo review. *Id.*

We first consider Mr. Gaines' claim the original search warrant lacked probable cause because officer Spitler's affidavit did not contain information that Mr. Gaines actually possessed a firearm within the residence identified in the search warrant and did not state when or where Mr. Gaines supposedly possessed a firearm. Mr. Gaines further claims the information in officer Spitler's affidavit concerning the existence of an outstanding warrant and Mr. Gaines' alleged gang affiliation was irrelevant to a finding of probable cause to search the East Ute Street residence.

The Fourth Amendment mandates that search warrants be supported by probable cause supported by oath or affirmation. U.S. Const. amend IV; *United States v. Cusumano*, 83 F.3d 1247, 1249-50 (10th Cir. 1996). However, the issuing judge's determination that probable cause exists is entitled to "great deference." *Id*. at 1250. Upon review of that determination, we ask only whether, under the totality of the circumstances presented in the affidavit, the issuing judge had a "substantial basis" for finding a fair probability that contraband or evidence of a crime would be found upon execution of the warrant. *Id.*

In this case, officer Spitler's affidavit stated a confidential informant, proven to be reliable on at least five previous occasions, advised officer Spitler

that Mr. Gaines was in possession of a chrome plated 9 mm. semi-automatic pistol. The confidential informant further advised officer Spitler he/she had been inside the East Ute Street residence within the past seventy-two hours and had observed Mr. Gaines' roommate with a semi-automatic pistol. Officer Spitler affirmed he personally had surveilled the East Ute Street residence, and had observed Mr. Gaines at that residence, occasionally in the company of several known member of the "Bloods" gang. Officer Spitler also had personal knowledge that Mr. Gaines previously had been convicted for Possession of Controlled Dangerous Drugs, and had an outstanding felony warrant for possession of a firearm. This evidence, viewed as a whole, is relevant to and provided substantial support for Judge Messler's conclusion there was a fair probability that contraband or evidence of a crime would be found in the East Ute Street residence.

Given the nature of the property to be seized, additional information pinpointing when and where the confidential informant observed Mr. Gaines in possession of a semi-automatic pistol was not critical to Judge Messler's finding of probable cause. Firearms and ammunition are reasonably expected to be kept at an individual's home or on their person for an extended period of time. *See United States v. Shomo*, 786 F.2d 981, 984 (10th Cir. 1986). Thus, it was enough

the confidential informant had observed a semi-automatic pistol in Mr. Gaines' residence only days before the execution of the warrant. We find no error in the district court's determination the original warrant was amply supported by probable cause.

We move next to Mr. Gaines' claim the first search warrant was overbroad and constituted a "general" warrant in contravention of the Fourth Amendment requirement that a search warrant describe the things to be seized with particularity. Mr. Gaines specifically argues since it is not illegal for him to possess ammunition "the search warrant which allowed for the search of ammunition became overbroad when it allowed or gave the officers discretion to open bags which they knew did not contain ammunition."

It is true, a warrant may leave nothing to the officer's discretion as to what is to be seized and must prevent the executing officer from generally rummaging through a person's belongings. *Davis v. Gracey*, 111 F.3d 1472, 1478 (10th Cir. 1997). However, the test applied to determine whether the description of property to be seized was sufficiently particular is a practical one: Does the description enable the searcher to reasonably ascertain and identify the things authorized to be seized? *Id*. The warrant at issue easily passes this test.

The warrant directed officers to search for and seize: "Firearms, ammunition, and records indicating the sale or purchase of firearms, papers showing residency." This description was sufficiently narrow to proscribe a general exploratory search of Mr. Gaines' residence. Moreover, the presence of ammunition would be indicative of the presence of firearms -- the ultimate goal of the search. The described property therefore was directly related to the alleged criminal activity, even if the possession of ammunition, alone, was not illegal. Finally, the testimony at the suppression hearing does not support Mr. Gaines' claim the officers knew the "Crown Royal" bag did not contain ammunition. To the contrary, Corporal Young specifically stated he did not feel the bag to determine its contents prior to opening it. For these reasons, we hold the first warrant to search the East Ute Street residence was not an invalid "general" warrant, and the officers were justified in searching the "Crown Royal" bag and any other location where ammunition, ownership papers, or firearms themselves might be found.

Mr. Gaines' further argues the seizure of the cocaine was not allowed under the "plain view" exception to the Fourth Amendment because the officer had determined the "Crown Royal" bag did not contain a firearm or ammunition before he opened it, and because without testing the contents of the bag the

officer could only suspect the bag contained a controlled drug. This argument is totally without merit.

As stated above, Corporal Young unequivocally testified he did not feel the bag to determine its contents prior to opening it. Given that the bag could have contained objects described in the search warrant, Corporal Young had no obligation to feel the bag prior to opening it. Corporal Young also stated that upon opening the bag, his five years as a narcotics investigator as well as training and observation of narcotics on the street led him to believe the bag contained a controlled substance. Because the police officers were lawfully inside Mr. Gaines' residence to search for firearms, had lawful access to the "Crown Royal" bag to search for ammunition, and the incriminating character of the bag's contents was immediately apparent to Corporal Young -- *i.e.*, Corporal Young had probable cause to believe the bag contained contraband -- the officers were authorized to seize the bag and its contents under the "plain view" doctrine. *See United States v. Sanchez*, 89 F.3d 715, 719 (10th Cir. 1996).

Having held the search and seizure of the "Crown Royal" bag was authorized under the "plain view" doctrine, without the necessity of obtaining the second warrant, we need not address Mr. Gaines' claim the second search warrant

was unlawfully executed after dark. For the foregoing reasons, we hold the district court did not err in denying his Motion to Suppress and **AFFIRM** Mr. Gaines' conviction.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge